335 F.3d 1097
 CENTER FOR BIOLOGICAL DIVERSITY, a non-profit organization; Southwest Center for Biological Diversity; Biodiversity Associates; Biodiversity Legal Foundation; Blue Mountains Biodiversity Project; Carson Forest Watch; Ecology Center; Environmental Protection Information Center; Friends of Nevada Wilderness; Hells Canyon Preservation Council; Klamath Forest Alliance; Klamath Siskiyou Wildlands Center; Maricopa Audubon Society; Nw Ecosystem Alliance; Oregon Natural Resources Council; Predator Project; Sky Island Watch; T & E, Inc.; Wild Utah Forest Campaign, Plaintiffs-Appellants,
v.
Anne BADGLEY, Regional Director, U.S. Fish & Wildlife Service; Jamie Rappaport Clark, Director, U.S. Fish & Wildlife Service; Gale Norton, Secretary of the Interior, Defendants-Appellees.
 No. 01-35829.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 8, 2003.
 Filed July 21, 2003.
 
 Daniel J. Rohlf, Pacific Environmental Advocacy Center, Portland, OR, for the plaintiffs-appellants.
 Susan Pacholski, United States Department of Justice, Environment and Natural Resources Division, Washington, DC, for the defendants-appellees.
 Appeal from the United States District Court for the District of Oregon; Helen J. Frye, District Judge, Presiding. D.C. No. CV-99-00287-FR.
 Before: LAY*, WALLACE, and TALLMAN, Circuit Judges.
 OPINION
 LAY, Circuit Judge:
 
 
 1
 The Center for Biological Diversity and eighteen other nonprofit organizations (collectively "the Center"), appeal from the district court's summary judgment in favor of the United States Fish and Wildlife Service ("FWS"). The Center claimed the Secretary of the Interior violated the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531-1544, by making an erroneous, arbitrary, and capricious determination that listing he Northern Goshawk in the contiguous United States west of the 100th meridian as a threatened or endangered species was not warranted. We affirm.
 
 I.
 
 2
 In July 1991, the Center petitioned the FWS to list the Northern Goshawk ("goshawk")[1] as an endangered species in the four southwestern corner states of Utah, Colorado, New Mexico, and Arizona. In September 1991, the Center submitted a letter to FWS, requesting that the geographic scope of the petition be expanded from the four southwestern corner states to the entire forested area of the United States west of the 100th meridian.[2]
 
 
 3
 In June 1992, FWS published a 90-day finding that the July 1991 petition failed to present substantial information that the goshawk in the western United States was a listable species. FWS concluded that the petition failed to establish that the goshawk population west of the 100th meridian constituted a population that was distinct from that east of the 100th meridian.
 
 
 4
 The Center filed an action in the United States District Court seeking to set aside this finding. On February 22, 1996, Judge Richard M. Bilby of the District of Arizona held that there was no clear and consistent FWS policy regarding the definition of a distinct population segment, and that FWS did not consistently require concrete proof of genetic differentiation of species. The district court remanded the case to FWS for a new determination, holding that FWS's negative 90-day finding on the petition to list the goshawk was arbitrary, capricious, and unlawful. Southwest Center for Biological Diversity v. Babbitt, 926 F.Supp. 920 (D.Ariz.1996).
 
 
 5
 FWS subsequently published a new 90-day finding that the petition to list the goshawk in the western United States had not presented substantial information that the petitioned action was warranted. FWS concluded that the petition included more than one subspecies of goshawk and accordingly did not meet the definition of a distinct population eligible for listing under the ESA.
 
 
 6
 The Center again filed an action in federal district court, seeking to set aside the negative finding by FWS. On June 6, 1996, Judge Bilby held that FWS acted arbitrarily and capriciously in enforcing a policy of "only one subspecies," and in rejecting the petition without allowing plaintiffs the opportunity to conform with the "only one subspecies" rule. The district court ordered the petition remanded to FWS for a new 90-day finding. Southwest Center for Biological Diversity v. Babbitt, 980 F.Supp. 1080 (D.Ariz.1997).
 
 
 7
 On September 29, 1997, FWS issued a 90-day finding that the petition provided substantial information indicating that the listing of the goshawk as threatened or endangered in the contiguous United States west of the 100th meridian may be warranted, and determined that a status review was necessary to examine whether the goshawk warranted listing.
 
 
 8
 The FWS assembled a team of nine wildlife biologists with special expertise, having authored a total of twenty-seven scientific publications on goshawks, to conduct the status review. The status review team conducted an analysis of published and unpublished scientific literature on the goshawk. They identified the review area as all of the forested lands in the United States west of the 100th meridian, including 222 million acres in seventeen states, 80% of which is federal land, and 55% of which is managed by the United States Forest Service. The status review team sent requests for information on goshawks to 821 land managers and scientists at 662 federal offices, 38 state agencies, 35 timber companies, 57 Indian tribes, and 26 other organizations. The information requests sought data on goshawk locations, habitat, management plans, and regulation of forests and wildlife. The response rate was low. The data indicated 2,916 reported goshawk territories in the review area. Based on the available data, the status review team concluded that the goshawk population was well-distributed, and that there was no evidence that its range in the western United States had significantly contracted.
 
 
 9
 The team reviewed literature on the habitat preferences of goshawks, and concluded that although literature indicated goshawks preferred nesting in mature forests, they could be found nesting in a variety of forest types; including young forests, tall willows, and riparian cotton-wood stands. The review team found evidence that goshawks preferentially forage in mature forests, but additional evidence indicated that goshawks also forage in open and edge habitats, open steppes, dense forests, and sagebrush.
 
 
 10
 The review team found that timber harvests in national forests across the western United States authorized by the Forest Service have been declining over the past decade. In particular, the team found there has been an even greater decline in "heavy cut" harvest methods, such as clear cutting, as compared with "light cut" harvest methods. The team concluded that "light cut" stands would continue to provide goshawk foraging and nesting habitat for one to two decades after harvest. The team found that most of the forested western United States, approximately ninety million acres, is not classified as suitable for timber, and unless current forest plans are amended, are not expected to be harvested.
 
 
 11
 The status review team determined that there probably is currently less available goshawk habitat than there was prior to European settlement of the western states, but concluded that there was insufficient data to show whether there is a trend of continuing decline in goshawk habitat. The team's analysis indicated that the goshawk population is relatively stable at the broadest scale.
 
 
 12
 On June 22, 1998, FWS published the "Twelve-month Administrative finding on Petition to List the Northern Goshawk in the Contiguous Western United States under the Endangered Species Act," finding that listing the goshawk population as endangered or threatened was not warranted. The Regional Director concluded available information did not indicate that the goshawk population was in danger of extinction or likely to become so in the foreseeable future. In support of this conclusion, the Regional Director stated that FWS found no evidence of a declining population trend for goshawks, based on the best information available.
 
 
 13
 The Center brought this action, alleging that FWS's "not warranted" determination was arbitrary and capricious and in violation of the ESA. The parties filed cross motions for summary judgment. The district court granted summary judgment in favor of FWS, holding there was ample evidence in the administrative record that the best available scientific and commercial data supported FWS's determination.
 
 II.
 
 14
 We review ESA listing decisions under the Administrative Procedure Act. 5 U.S.C. § 706(2)(A). The relevant inquiry is whether the agency "considered the relevant factors and articulated a rational connection between the facts found and the choice made." Friends of Endangered Species, Inc. v. Jantzen, 760 F.2d 976, 982 (9th Cir.1985) (quoting, Baltimore Gas & Elec. Co. v. Natural Res. Def. Council, Inc., 462 U.S. 87, 105, 103 S.Ct. 2246, 2257, 76 L.Ed.2d 437 (1983)). This court reviews de novo the district court's application of this standard and legal conclusions under the ESA. Animal Defense Council v. Hodel, 840 F.2d 1432, 1435-36 (9th Cir. 1988), amended, 867 F.2d 1244 (9th Cir. 1989).
 
 
 15
 The ESA requires FWS to make listing determinations "solely on the basis of the best scientific and commercial data available...." 16 U.S.C. § 1533(b)(1)(A). FWS assembled a team of wildlife biologists with special expertise in the area of goshawks to conduct a status review. The administrative record indicates the status review team conducted a comprehensive review of scientific published and unpublished literature, peer reviews, and raw data in making their report. Based on the status review team's report, FWS determined that the best available scientific and commercial data did not indicate the goshawk population was endangered or threatened. In the absence of evidence that the goshawk is endangered or likely to become endangered in the foreseeable future, FWS's decision was not arbitrary or capricious.
 
 
 16
 We hold that FWS's determination was amply supported by evidence in the record. We decline to address the Center's remaining arguments, which are without merit.
 
 
 
 Notes:
 
 
 *
 The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 [1]
 The goshawk is a short-winged, long-tailed hawk that lives in forested regions of higher latitude in the northern hemisphere, including North America. The goshawk has been considered an indicator species, reflecting the overall health of the ecosystems in which it lives
 
 
 [2]
 The 100th meridian is an imaginary line that runs north-south through North Dakota, South Dakota, Nebraska, Kansas, Oklahoma, and Texas